# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:00CV222-V-02
# (4:94CR44-05-V)

| | |
|---|---|
| **WAYNE HORACE JOHNSON,**  )<br>       Petitioner,            )<br>                                      )<br>             v.                      )<br>                                      )<br>**UNITED STATES OF AMERICA,** )<br>       Respondent.          )<br>_____) | ORDER |

**THIS MATTER** comes before the Court on "Petitioner's Request For Joiner [sic] Of Petitioner's Co-Defendant Pending <u>Blakely</u> and <u>Booker/Fanfan</u> Like Claims Pursuant To Federal Rules Of Procedure Rule 8(b) And Other Stated Factors Set-Forth."

A review of pertinent Court records reflects that the petitioner filed his own Motion to Vacate on September 18, 2000; that on September 19, 2000, the government's "Motion To Dismiss" was filed; and that after giving the petitioner an opportunity to respond to the government's arguments, on September 20, 2001, the Court granted the government's Motion, and dismissed the petitioner's case.

Such records further establish that on November 5, 2001, the petitioner filed a Notice of Appeal of this Court's decision. However, the Fourth Circuit Court of Appeals affirmed this Court's decision by its opinion of March 4, 2002.

Nevertheless, by the instant Request, the petitioner essentially is asking the Court to allow him to raise successive claims by way of his co-defendant's Motion to Vacate, which Motion he mistakenly believes is pending before the Court. (See Order of dismissal in 1:00CV228-V, doc. # 6, entered March 25, 2002). Suffice it to say, however, the petitioner's Request must be denied.

To be sure, inasmuch as the petitioner already has brought habeas-type claims before this Court--albeit unsuccessfully, this Court does not have the authority to allow the petitioner to bring his proposed claims. Rather, the petitioner must seek permission to raise his proposed successive claims from the Court of Appeals. See 28 U.S.C. §2244.

Equally critically, the case in which the petitioner wanted to join already was dismissed before the petitioner filed this Request. Therefore, even if there were some provision which allowed the petitioner to join in another petitioner's habeas litigation, he still could not do that here because such other litigation, like the petitioner's case, already has been concluded. Consequently, the petitioner's Request must be **DENIED.**

**SO ORDERED.**

Signed: June 14, 2006

Richard L. Voorhees
United States District Judge